E-FILE

**GEORGIA, FULTON COUNTY**

**MAR 2 3 2007**

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
Civil Division

60
PAID
MARS. SV.

CIVIL ACTION FILE NO. 07EV008115 J
**** ATTORNEYS NOTE- DESIGNATED E-FILED CASE ****
CONTACT THE COURT AT 404.730.5040 AND 1: 53
DEFENDANTS LEXISNEXIS CUSTOMER SUPPORT AT 1.888.529.7587

Grady CLERK STATE COURT OF GEORGIA

| TYPE OF SUIT | AMOUNT OF SUIT | |
|---|---|---|
| [ ] ACCOUNT | PRINCIPAL $_____ | |
| [ ] CONTRACT | | |
| [ ] NOTE | INTEREST $_____ | Plaintiff's Name, Address, City, State, Zip Code |
| [ ] TORT | | |
| [ ] PERSONAL INJURY | ATTY. FEES $_____ | VS. |
| [ ] FOREIGN JUDGMENT | | |
| [ ] TROVER | COURT COST $_____ | Atlanta Falcons |
| [ ] SPECIAL LIEN | | Football Club |
| [✓] NEW FILING | | |
| [ ] RE-FILING: PREVIOUS CASE NO. ____ | | Defendant's Name, Address, City, State, Zip Code |

### SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit

Name: _Atlanta Falcons Football Club_

Address: _____

City, State, Zip Code: _Georgia_    Phone No.: _____

An answer to the complaint which is herewith served on you, within thirty (30) days after service on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. DEFENSE MAY BE MADE & JURY TRIAL DEMANDED, if desired, in the Clerk's Office at 185 Central Ave., S.W., Room TG100, Atlanta, GA 30303.

This _March 23, 2007_    *Donna Jones-Frederick, Chief Deputy Clerk*

If the sum claimed in the suit, or value of the property sued for, is $300.00 or more Principal, the defendant must admit or deny the paragraphs of plaintiff's petition by making written Answer. Such paragraphs undenied will be taken as true. If the plaintiff's petition is sworn to, or if suit is based on an unconditional contract in writing, then the defendant's answer must be sworn to.

If the principal sum claimed in the suit, or value of the property sued for, is less than $300.00, and is on a note, unconditional contract, account sworn to, or the petition sworn to, defense must be made by filing a sworn answer setting up the facts relied on as a defense.

### SERVICE INFORMATION:

Served, this _____ day of _____, 20_____.

_____
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:
We, the jury, find for _____

This _____ day of _____, 20____.    _____ Foreperson

(STAPLE TO FRONT OF COMPLAINT)



EXHIBIT
A

IN THE STATE COURT OF FULTON COUNTY, FD IN OFFICE
STATE OF GEORGIA

2007 MAR 23 PM 4: 53

MARTHA SALEG
CLERK/STATE COURT OF
FULTON COUNTY GEORGIA

GRADY JACKSON,                     )
                                   )    CIVIL ACTION
                    Plaintiff,     )
                                   )    07EV002113
              v.                   )
                                   )
ATLANTA FALCONS                    )
FOOTBALL CLUB.                     )
                                   )
                    Defendant.     )    JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff Grady Jackson, by and through the undersigned counsel, hereby sues the
Defendant Atlanta Falcons Football Club and alleges, upon information and belief, as
follows:

### THE PARTIES

1.      Plaintiff Grady Jackson, is an individual who at all times material hereto
was a resident of Atlanta, Georgia.

2.      Defendant Atlanta Falcons Football Club is a Limited Liability Company
duly registered and organized under the laws of the State of Georgia and at all times
material hereto had its principal offices and operations in the State of Georgia.

3.      Defendant Les Snead is an individual and a resident of the State of Georgia
and is the director of Player Personnel for the Defendant Atlanta Falcons Football Club.

— 1 —

4.  Upon information and belief, Defendant Atlanta Sports Medicine Group is a Corporation duly registered and organized under the laws of the State of Georgia and at all times material hereto had its principal offices and operations in the State of Georgia.

5.  Upon information and belief, Defendant Scott D. Gillogy, M.D. is a resident of the State of Georgia.

## GENERAL ALLEGATIONS

6.  At the time of the acts complained of, Grady Jackson was a free agent football player.

7.  On or about March 24, 2006, Defendants (Atlanta Falcons) directed Grady Jackson to have a medical examination. During the medication examination, Defendant Scott Gillogly conducted an Echo Scan of Plaintiff. Plaintiff is informed and believes and on that basis alleges that he was too large for the equipment to produce accurate results.

8.  Plaintiff did not sign a written authorization for release of his personal health information. Nonetheless, following the examination, Defendant Scott Gillogly reported to the team physician that he had concerns regarding the test results.

9.  Plaintiff is informed and believes and on that basis alleges that, in violation of Plaintiff's privacy rights, the team physician revealed Plaintiff's personal health information (including the examining physician's comments) to Ron Medlin, the Head Trainer of the Atlanta Falcons and Defendant Les Snead, the Falcons' director of player personnel, without Plaintiff's authorization or consent. Thereafter, Defendant Les Snead

-- 2 --

# PAGE 3 OF THE ORIGINAL
# COMPLAINT WAS NOT PROVIDED

14.     The release of Plaintiff's personal health information by the Atlanta

Falcons was done with malice and a disregard for the truth, which resulted in damage to

the plaintiff.

15.     As a result of the foregoing, Plaintiff was damaged in an amount to be

proven at trial.

WHEREFORE, Plaintiff demands judgment against Defendant Atlanta Falcons

Football Club for damages sustained by Plaintiff, together with costs, prejudgment and

post-judgment interest, and such other relief this Honorable Court deems just and

appropriate under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right by jury.

Respectfully submitted,

BY:_____

Kenan G. Loomis, Esquire
Georgia Bar No. 457865
COZEN O'CONNOR
SunTrust Plaza, Suite 2200
303 Peachtree Street, N.E.
Atlanta, Georgia 30308
Telephone: (404) 572-2000
Facsimile: (404) 572-2199

*Attorney for Plaintiff*

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 14260515
Date: Mar 26 2007  4:45PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| GRADY JACKSON, | ) | CIVIL ACTION NO. |
| | ) | |
| Plaintiff, | ) | |
| | ) | 07 EV 002113 J |
| v. | ) | |
| | ) | |
| ATLANTA FALCONS FOOTBALL | ) | |
| CLUB, LLC, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| | ) | |

### FIRST AMENDED COMPLAINT

COMES NOW, Plaintiff Grady Jackson, by and through the undersigned counsel, who makes and files this First Amended Complaint against the above-named Defendant, Atlanta Falcons Football Club, LLC, and, upon information and belief, alleges and avers as follows:

### THE PARTIES

1.    Plaintiff Grady Jackson (hereinafter referred to as "Jackson"), is an individual who at all times relevant hereto was a resident of Atlanta, Georgia.

2.    Defendant Atlanta Falcons Football Club, LLC (hereinafter referred to as "Atlanta Falcons") is a Limited Liability Company duly registered and organized under the laws of the State of Georgia, which conducts business in the State of Georgia, Fulton

County, and has its offices, operations and principal place of business in said State and County.

## GENERAL ALLEGATIONS

3.    Plaintiff Jackson is a professional NFL football player, currently under contract with the Atlanta Falcons. His career began over ten years ago at the Oakland Raiders Football Club. Jackson is considered one of the premiere Defensive Tackles in the National Football League. As a veteran journeyman he has also played for the Green Bay Packers and the New Orleans Saints.

4.    Upon information and belief, at all times relevant hereto, non-party Scott Gillogly, M.D. (hereinafter referred to as "Dr. Gillogly") was a physician and health care provider practicing in Atlanta, Georgia, a principal of non-party Atlanta Sports Medicine & Orthopaedic Center (hereinafter referred to as "Atlanta Sports Medicine"), and the Head Team Doctor for Defendant Atlanta Falcons.

5.    Upon information and belief, at all times relevant hereto, non-party Ron Medlin was an employee, representative, and the Head Trainer for Defendant Atlanta Falcons.

6.    Upon information and belief, at all times relevant hereto, non-party Les Snead was an employee, representative, and the Director of Player Personnel for Defendant Atlanta Falcons.

7.    At the time of the acts complained of herein, Jackson was a free agent player looking to garner a new contract with a new NFL team at top dollar for a player with his skill, experience and reputation. His previous contract with the Green Bay

Packers was over ten million dollars. As a free agent and under no obligation to any football team, Jackson was invited to meet with the Defendant Atlanta Falcons with regard to signing with the Atlanta Falcons to play as a starter.

8.     On or about March 24, 2006, Plaintiff visited the Atlanta offices of Defendant Atlanta Falcons in connection with signing to play for Defendant Atlanta Falcons' team. On that date, Defendant Atlanta Falcons' directed Plaintiff Jackson to have a medical examination from an outside physician selected by the Atlanta Falcons to assess his physical condition. Plaintiff did not sign any written authorization for the medical examination or for the release of his personal health information to any person or entity; neither the Atlanta Falcons nor the health care providers conducting the medical examination requested that Plaintiff sign any such written authorization.

9.     The medical examination was conducted in Atlanta, Georgia, on March 24, 2006, by Atlanta Sports Medicine and Dr. Gillogly, and included an Echo Scan test. Plaintiff is a massive individual, standing six feet two inches and tipping the scales at over 345 pounds. Upon information and belief, the Echo Scan machine used by Atlanta Sports was designed for individuals of far lesser size than Plaintiff and could not be relied upon to give accurate test results for a person of Plaintiff's size. Upon information and belief, the test results reported for Plaintiff by the Echo Scan machine were in fact not accurate but raised concerns in the mind of the examining physicians.

10.    Following the examination, Atlanta Sports Medicine reported the results of the medical examination, including Plaintiff's personal health information, to Defendant Atlanta Falcons, including to Ron Medlin (its Head Trainer), Les Snead (its Director of

-    3    -

Player Personnel), and Charlie Brown, M.D. (another Team Physician for Defendant Atlanta Falcons). The results of the medical examination and personal health information were reported verbally as well as in writing. The personal health information reported to Defendant Atlanta Falcons and the above-named personnel included comments regarding the results of the Echo Scan test. Upon information and belief, Dr. Brown suggested that a further work-up by a cardiologist be obtained.

11.   On March 24, 2006, personnel of Defendant Atlanta Falcons informed Plaintiff Jackson that they had concerns regarding the heart test and wanted to see further testing before a decision was made. However, no one associated with Defendant Atlanta Falcons or any of the health care providers stated or even suggested that Plaintiff Jackson had "failed" his medical or physical examination or that the team was not interested in signing Plaintiff Jackson. At the conclusion of the examination and meetings on March 24, 2006, both Plaintiff and his sports agent, Angelo Wright, were under the impression that a decision had not been made, one way or the other, regarding whether Defendant Atlanta Falcons would sign Plaintiff to play for the team.

12.   On or about March 26, 2006, Les Snead (the Atlanta Falcons' Director of Player Personnel) released Plaintiff's private personal health information to the national press, and announced that Plaintiff had "failed" his physical with the Defendant Atlanta Falcons. Said information and statements were released to a reporter for KFFL, a prominent national sports wire service and internet site, and to a writer for the Sporting News, a prominent weekly sports publication. On March 26, 2006, KFFL reported publicly to the national press that Plaintiff had "failed" his physical with the Defendant

--  4  --

Atlanta Falcons. The following week, an article in the Sporting News reported to the general public that Plaintiff had "failed" his physical with the Defendant Atlanta Falcons. The story (that Plaintiff had "failed" his physical with the Atlanta Falcons) was picked up by the national press and repeated and further published.

13.    At the time the story (that Plaintiff had "failed his physical with the Atlanta Falcons) was published by the KFFL wire service, neither Plaintiff nor his sports agent, Angelo Wright, had been informed that Plaintiff had "failed" his physical or that Defendant Atlanta Falcons was no longer interested in signing Plaintiff to play with the team as a starter; to the contrary, at the conclusion of the meetings on March 26, 2006, both Plaintiff and his sports agent, Angelo Wright, had been left with the impression that the team had not made a decision, one way or the other, and would not do so before Plaintiff obtained a workup by a cardiologist.

14.    Upon information and belief, Defendant Atlanta Falcons released Plaintiff's personal health information and the story that Plaintiff had "failed" his physical to the national press in order to enhance the Atlanta Falcon's leverage in negotiating a contract with Plaintiff, to chill any interest by other NFL teams in signing Plaintiff Jackson and to reduce and impede Plaintiff Jackson's marketability in the free agent market so that Defendant Atlanta Falcons would later be able to sign Plaintiff Jackson for considerably less money than his true market value.

## COUNT I

### INVASION OF PRIVACY

15.     Plaintiff hereby incorporates by reference the foregoing Paragraphs 1 through 14, inclusive, as though fully alleged herein.

16.     The information disclosed by Defendant Atlanta Falcons was Plaintiff's personal health information.    The information disclosed by Defendant Atlanta Falcons constituted private, secluded facts of a nature that would be expected to cause personal and professional embarrassment if publicly disclosed.

17.     The disclosure by Defendant Atlanta Falcons of Plaintiff's personal health information and private, secluded facts was a public disclosure.  At the time of the disclosures hereinabove, Defendant Atlanta Falcons knew and intended that by making statements to KFFL, the Sporting News, and the national press, the disclosed information would be further disclosed to the public.

18.     Under the circumstances, the information made public by Defendant Atlanta Falcons is highly offensive and objectionable to a reasonable man of ordinary sensibilities.  Moreover, the information disclosed by Defendant Atlanta Falcons was inaccurate and incomplete.  Announcing to the press that an unsuspecting professional athlete has been determined to be no longer physically or medically able to play professional football when there was no basis for such a conclusion and the determination had in fact not bee made, does not comport with any tolerable standard of decency and is an invasion of Plaintiff's right of privacy.

- 6 -

19. The disclosed information gave rise to incorrect inferences by those to whom it was disclosed, placed Plaintiff Jackson in a false light, and created an unfair and inaccurate depiction of Plaintiff.

20. The disclosure was done with malice and a disregard for the truth.

21. The disclosure was further done to injure Plaintiff in his profession, and in fact did so.

22. As a direct result and legal consequence of the release of the invasion of Plaintiff's privacy, release of his private information and the false statement that Plaintiff had "failed" his physical, as hereinabove described, Plaintiff has suffered embarrassment, humiliation and injury to his reputation and profession.

## COUNT II

### DEFAMATION

23. Plaintiff hereby incorporates by reference the foregoing Paragraphs 1 through 22, inclusive, as though fully alleged herein.

24. The information released by the Atlanta Falcons to KFFL, the Sporting News, and the national press, as described hereinabove, was false and defamatory.

25. The communication of the released information by the Atlanta Falcons to KFFL, the Sporting News, and the national press, as described hereinabove, was unprivileged.

26. At the time of the communications to KFFL, the Sporting News and the national press, Defendant Atlanta Falcons knew or should have known that the information being released was false and defamatory. The release of Plaintiff's private

-- 7 --

information and the false statement that Plaintiff had "failed" his physical, as hereinabove described, was done with malice and a reckless disregard for the truth.

27.   As a direct result and legal consequence of the false and defamatory statements, release of Plaintiff's private information and the false statement that Plaintiff had "failed" his physical, as hereinabove described, Plaintiff has suffered embarrassment, humiliation and injury to his reputation and profession.

28.   As a further direct result and legal consequence of the false and defamatory statements, release of Plaintiff's private information and the false statement that Plaintiff had "failed" his physical, as hereinabove described, Plaintiff has suffered special harm in that he was deprived of the ability to negotiate favorable contract terms as a free agent and was signed later in the training season at a compensation and on terms below the fair market value for a player of his skills and experience.

29.   Defendant Atlanta Falcon's publication of the false and defamatory statements, release of Plaintiff's private information and the false statement that Plaintiff had "failed" his physical, as hereinabove described, is actionable irrespective of special harm. Plaintiff is entitled to damages for his injury without proof of special harm.

WHEREFORE, Plaintiff demands judgment against Defendant Atlanta Falcons for damages sustained by Plaintiff, together with costs, prejudgment and post-judgment interest, and such other relief this Honorable Court deems just and appropriate under the circumstances.

— 8 —

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by right by jury.

Respectfully submitted,

BY: _____

Kenan G. Loomis, Esquire
Georgia Bar No. 457865
COZEN O'CONNOR
SunTrust Plaza, Suite 2200
303 Peachtree Street, N.E.
Atlanta, Georgia 30308
Telephone: (404) 572-2000
Facsimile: (404) 572-2199

*Attorney for Plaintiff*

— 5 —

***EFILED***
LexisNexis Transaction ID: 14273828
Date: Mar 27 2007 3:02PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | |
|---|---|
| **GRADY JACKSON,** | ) |
| | )   **CIVIL ACTION NO.** |
| Plaintiff, | ) |
| | )   **07EV002113J** |
| | ) |
| | )   **VERIFIED APPLICATION OF** |
| | )   **COUNSEL ANN MCFARLAND** |
| | )   **DRAPER FOR ADMISSION** |
| v. | )   **PRO HAC VICE** |
| | ) |
| **ATLANTA FALCONS** | ) |
| **FOOTBALL CLUB, LLC,** | ) |
| | ) |
| Defendant. | ) |

## Ann McFarland Draper's Application for Pro Hac Vice Admission

Pursuant to the Georgia Rule of Court 4.4, Ann McFarland Draper ("Applicant"), hereby applies to this Honorable Court for an Order granting admission to practice before this Court *pro hac vice* as counsel for Plaintiff in the above-entitled proceeding pending before this Court.

Applicant states that she is a "Domestic Lawyer" (as defined in Georgia Rule of Court 4.4), that she is admitted to practice in the State of California but not in the State of Georgia, that she neither resides in nor is regularly employed at an office in the State of Georgia, that she has been retained by the client (Grady Jackson) prior to performing services in the State of Georgia, and that she has been requested to appear on behalf of Mr. Jackson in the above-entitled proceeding.

In support of this application, Applicant Ann McFarland Draper, hereby declares and states as follows:

— 1 —

1.    I am not employed in the State of Georgia, regularly or otherwise. I am regularly employed in the City and County of San Francisco, State of California, where I am "of counsel" to the law firm of Farber & Company Attorneys, LLP. My business address at Farber & Company Attorneys, LLP is 847 Sansome Street, LL, San Francisco, California 94111. I do not reside in the State of Georgia. I reside in the City and County of San Francisco, State of California. For reasons of personal security, I request that I not be required to disclose my personal residence address in this public document. I maintain a non-business address of 110 Pacific Ave., #351, San Francisco, California 94111, at which I receive my personal mail and deliveries. If the Court requires disclosure of my actual personal residence address, I request that the disclosure be made under seal or *in camera*.

2.    The name of the client whom I seek to represent in this proceeding is the Plaintiff, Grady Jackson. Mr. Jackson has retained the law firm of Farber & Company Attorneys, LLP, and attorneys Eric J. Farber and myself, to represent him in connection with the dispute that is the subject of the above-entitled proceeding, and has requested that I appear on his behalf in the above-entitled proceeding. Mr. Jackson is a nationally known professional NFL football player. Mr. Jackson can be reached through his NFL agent, Angelo Wright, Sports West Football, 27084 Grandview Avenue, Hayward, CA 94542, telephone (510) 581-6512.    For reasons of confidentiality and personal security, I request that I not be required to disclose the personal address or telephone number of Mr. Jackson (the client sought to be represented in this proceeding) in this publicly filed document. If the Court requires disclosure of Mr. Jackson's personal address or telephone number, I request that the disclosure be made under seal or *in camera*.

--    2    ATLANTA\94075\1 099994.000-

3.      I am a member of the State Bar of California. My California State Bar Number is 065669. I was admitted to practice before all of the courts of the State of California (including the California Supreme Court, the District Courts of Appeal, and the trial courts of this state), in December 1975 and have been continuously admitted since that time. The following is a list of additional courts before which I have been admitted to practice and the respective periods of admission:

| | |
|---|---|
| Ninth Circuit Court of Appeals | since December 1975 |
| United States District Court for the Northern District of California | since December 1975 |
| United States District Court for the Central District of California | over 25 years |
| United States District Court for the Eastern District of California | approximately 20 years |

Admission to the United States District Courts includes admission to practice before the United States Bankruptcy Court in these districts, and I have practiced before the United States Bankruptcy Court in the Northern and Eastern Districts of California. I was also admitted to practice *pro hac vice* in the Circuit Court in Pinellas County, Florida in approximately 1994.

4.      I have never been denied admission *pro hac vice* in the State of Georgia. I have never had admission *pro hac vice* revoked in the State of Georgia. I have never been disciplined or sanctioned in any way by any court in the State of Georgia.

5.      No disciplinary proceeding (formal or otherwise) has ever been brought against me by any disciplinary authority in any jurisdiction within the last five (5) years.

—  3    ATLANTA\94075\1 099994.000—

6.     I have never been held formally in contempt or otherwise sanctioned by any court in a written order in the last five (5) years for disobedience to its rules or orders.

7.     I have never applied to appear *pro hac vice* in any proceeding before any court or agency in the State of Georgia within the preceeding two years.

8.     I have reviewed and familiarized myself with the Georgia Rules of Professional Conduct, local rules and court procedures of this court.

9.     The name, address, telephone number and bar number of the active member in good standing of the bar of this state who will sponsor my *pro hac vice* request is as follows:

> Samuel Woodhouse III (Georgia Bar No. 755070)
> Cozen O'Connor
> SunTrust Plaza, Suite 2200
> 303 Peachtree Street, NE
> Atlanta, GA 30308
> Telephone: (404) 572-2000

The above-named Georgia attorney and the Atlanta law firm of Cozen O'Connor have agreed to appear of record with me in this proceeding.

10.     I make this application concurrently with Eric J. Farber and the law firm of Farber & Company Attorneys, LLP, to which I am of counsel. The law firm of Farber & Company Attorneys, LLP, represents a number of professional NFL football players (such as Grady Jackson, who is the Plaintiff in the above-entitled proceeding). Although the offices of the law firm of Farber & Company Attorneys, LLP are in San Francisco, State of California, its clients are located throughout the United States.

-   4    ATLANTA\94075\1  099994 000--

11.    I have read the foregoing statement and am familiar with its content and know the same to be true of my own personal knowledge.

I declare under the penalty of perjury under the laws of the State of Georgia and the State of California that this Application and the facts set forth hereinabove are true and correct and that this Verification was executed this 26th day of March, 2007, at San Francisco, State of California.

By reason of the above, undersigned Counsel respectfully requests this Honorable Court to grant the application to practice before this Court pro hac vice.

IN WITNESS WHEREOF, the undersigned hereunto sets her hand and seal this 26th day of March, 2007.

STATE OF CALIFORNIA                    )
CITY AND COUNTY OF SAN FRANCISCO       ) ss
                                       )

Sworn to and subscribed before me this
26th day of March, 2007.

_____
Notary Public
My Commission Expires: July 1, 2008

By: _____
Ann McFarland Draper
California State Bar No. 065669
FARBER&COMPANY ATTORNEYS, LLP
847 Sansome Street, Suite LL
San Francisco, California 94111
Telephone: (415) 434-5320
Facsimile: (415) 434-5380
    Attorney for Plaintiff

SHAUNA E. HARDEMAN
COMM. #1497935
NOTARY PUBLIC-CALIFORNIA
SAN FRANCISCO COUNTY
My Comm. Expires July 1, 2008

-    5    ATLANTA\94075\1  099994.000-

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

GRADY JACKSON,                      )
                                    )    CIVIL ACTION NO.
                   Plaintiff,       )
                                    )    VERIFIED APPLICATION OF
                                    )    COUNSEL ANN MCFARLAND
                                    )    DRAPER FOR ADMISSION *PRO*
                                    )    *HAC VICE*
          v.                        )
                                    )
ATLANTA FALCONS                     )
FOOTBALL CLUB, LLC,                 )
                   Defendant.       )

### Certificate of Service

This is to certify that I have this day served a copy of **Ann McFarland Draper's**

Application for Pro Hac Vice Admission via U.S. Mail, addressed as follows:

Atlanta Falcons Football Club          Office of the General Counsel
c/o Corporation System, CT             State Bar of Georgia
1201 Peachtree Street, N.E.            104 Marietta Street, N.W.
Atlanta, GA 30361                      Suite 100
                                       Atlanta, Georgia 30303

This 26th day of March, 2007.

Ann McFarland Draper
California State Bar No. 065669
FARBER& COMPANY ATTORNEYS, LLP
847 Sansome Street, Suite LL
San Francisco, California 94111
Telephone: (415) 434-5320
Facsimile: (415) 434-5380

--  6   ATLANTA\94075\1  099994.000--

State Court of Fulton County
***EFILED***
LexisNexis Transaction ID: 14273828
Date: Mar 27 2007 3:02PM
Mark Harper, Clerk

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| GRADY JACKSON, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | 07 EV 002113J |
| | ) | |
| | ) | VERIFIED APPLICATION OF |
| | ) | COUNSEL ERIC J. FARBER |
| | ) | FOR ADMISSION *PRO HAC VICE* |
| V. | ) | |
| | ) | |
| ATLANTA FALCONS | ) | |
| FOOTBALL CLUB, LLC, | ) | |
| Defendant. | ) | |

### Eric J. Farber's Application for Pro Hac Vice Admission

Pursuant to the Georgia Rule of Court 4.4, Eric J. Farber ("Applicant"), hereby applies to this Honorable Court for an Order granting admission to practice before this Court *pro hac vice* as counsel for Plaintiff in the above-entitled proceeding pending before this Court.

Applicant states that he is a "Domestic Lawyer" (as defined in Georgia Rule of Court 4.4), that he is admitted to practice in the State of California but not in the State of Georgia, that she neither resides in nor is regularly employed at an office in the State of Georgia, that she has been retained by the client (Grady Jackson) prior to performing services in the State of Georgia, and that she has been requested to appear on behalf of Mr. Jackson in the above-entitled proceeding.

In support of this application, Applicant Eric J. Farber, hereby declares and states as follows:

ATLANTA\94059\1 099994.000

1.    I am regularly employed in the City and County of San Francisco, State of California, where I am the managing partner of the law firm of Farber & Company Attorneys, LLP. My business address is 847 Sansome Street, LL, San Francisco, California 94111. I am not employed in the State of Georgia, regularly or otherwise. I do not reside in the State of Georgia. For reasons of personal security, I request that I not be required to disclose my personal residence address in this public document. If the Court requires disclosure of my personal residence address, I request that the disclosure be made under seal or *in camera*.

2.    The name of the client whom I seek to represent in this proceeding is the Plaintiff, Grady Jackson. Mr. Jackson has retained the law firm of Farber & Company Attorneys, LLP, and attorneys Ann McFarland Draper and myself, to represent him in connection with the dispute that is the subject of the above-entitled proceeding, and has requested that I appear on his behalf in the above-entitled proceeding. Mr. Jackson is a nationally known professional NFL football player. Mr. Jackson can be reached through his NFL agent, Angelo Wright, Sports West Football, 27084 Grandview Avenue, Hayward, CA 94542, telephone (510) 581-6512. For reasons of confidentiality and personal security, I request that I not be required to disclose the personal address or telephone number of Mr. Jackson (the client sought to be represented in this proceeding) in this publicly filed document. If the Court requires disclosure of Mr. Jackson's personal address or telephone number, I request that the disclosure be made under seal or *in camera.*

3.    I am a member of the State Bar of California. My California State Bar Number is 169472. I was admitted to practice before the Supreme Court of California in January of 1994, which includes all state courts of California. I am also admitted to practice before the United

—   2   ATLANTA\94059\1 699994 000-

States District Court in the Northern, Eastern, Central and Southern Districts of California. I was admitted to practice before the Northern District on September 21, 1994, the Eastern District on November 29, 1995, the Central District on November 22, 1995 and the Southern District on January 12, 1996. I was admitted to practice before the Ninth Circuit Court of Appeals on April 6, 2001. On January 22, 2001 I was also admitted to practice before the United States Supreme Court. I have also been admitted to practice *pro hac vice* before the United States District Court for the Eastern District of Missouri.

4.      I have never been denied admission *pro hac vice* in the State of Georgia. I have never had admission *pro hac vice* revoked in the State of Georgia. I have never been disciplined or sanctioned in any way by any court in the State of Georgia.

5.      No disciplinary proceeding (formal or otherwise) has ever been brought against me by any disciplinary authority in any jurisdiction within the last five (5) years.

6.      I have never been held formally in contempt or otherwise sanctioned by any court in a written order in the last five (5) years for disobedience to its rules or orders.

7.      I have never applied to appear *pro hac vice* in any proceeding before any court or agency in the State of Georgia within the preceding two years.

8.      I have reviewed and familiarized myself with the Georgia Rules of Professional Conduct, local rules and court procedures of this court.

9.      The name, address, telephone number and bar number of the active member in good standing of the bar of this state who will sponsor my *pro hac vice* request is as follows:

— 3    ATLANTA\94059\1   099964 000—

Samuel Woodhouse III (Georgia Bar No. 755070)
Cozen O'Connor
SunTrust Plaza, Suite 2200
303 Peachtree Street, NE
Atlanta, GA 30308
Telephone: (404) 572-2000

The above-named Georgia attorney and the Atlanta law firm of Cozen O'Connor have agreed to

appear of record with me in this proceeding.

10.    I make this application concurrently with Ann Draper who is *of counsel* to the law

firm Farber & Company Attorneys, LLP.  The law firm of Farber & Company Attorneys, LLP,

represents a number of professional NFL football players (such as Grady Jackson, who is the

Plaintiff in the above-entitled proceeding).

11.    I have read the foregoing statement and am familiar with its content and know the

same to be true of my own personal knowledge.

I declare under the penalty of perjury under the laws of the State of Georgia and the State of California that this Application and the facts set forth hereinabove are true and correct and that this Verification was executed this 26th day of March, 2007, at San Francisco, State of California. By reason of the above, undersigned Counsel respectfully requests this Honorable Court to grant the application to practice before this Court *pro hac vice*. I declare under the penalty of perjury under the laws of the State of Georgia that the above is true and correct.

IN WITNESS WHEREOF, the undersigned hereunto sets his hand and seal this 2[th] day of March, 2007.

STATE OF CALIFORNIA                          )
                                             ) ss
CITY AND COUNTY OF SAN FRANCISCO             )

By: _____

Eric Farber
California State Bar No. 169472
FARBER&COMPANYATTORNEYS, LLP
847 Sansome Street, Suite LL
San Francisco, California 94111
Telephone: (415) 434-5320
Facsimile: (415) 434-5380
*Attorney for Plaintiff*

Sworn to and subscribed before me this
26th day of March , 2007.

_____
Notary Public
My Commission Expires: July 1, 2008

SHAUNA E. HARDEMAN
COMM. #1497935
NOTARY PUBLIC-CALIFORNIA
SAN FRANCISCO COUNTY
My Comm. Expires July 1, 2008

- 5    ATLANTA\94059\1  099994.000--

IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| GRADY JACKSON, | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiff, | ) | |
| | ) | VERIFIED APPLICATION OF |
| | ) | COUNSEL ERIC J. FARBER |
| | ) | FOR ADMISSION *PRO HAC VICE* |
| v. | ) | |
| | ) | |
| ATLANTA FALCONS | ) | |
| FOOTBALL CLUB, LLC, | ) | |
| Defendant. | ) | |

### Certificate of Service

This is to certify that I have this day served a copy of Eric J. Farber's Application for

Pro Hac Vice Admission via U.S. Mail, addressed as follows:

Atlanta Falcons Football Club    Office of the General Counsel
c/o Corporation System, CT    State Bar of Georgia
1201 Peachtree Street, N.E.    104 Marietta Street, N.W.
Atlanta, GA 30361    Suite 100
   Atlanta, Georgia 30303

This 26th day of March, 2007.

Eric J. Farber
California Bar No. 169472
FARBER& COMPANY ATTORNEYS, LLP
847 Sansome Street, Suite LL
San Francisco, California 94111
Telephone: (415) 434-5320
Facsimile: (415) 434-5380

6    ATLANTA\94059\1  099994.000—

Click to Print

Printed on: Wednesday, April 25, 2007 17:12:15 EDT

| Submitted By: | Court | Plaintiff | Defendant |
|---|---|---|---|

**Case History Search**
Search Created:
Wednesday, April 25, 2007
17:12:15 EDT

| Court: | GA State Court of Fulton County | **Judge:** | Bessen, Diane E | **File & Serve Live Date:** | 3/23/2007 |
|---|---|---|---|---|---|
| Division: | N/A | **Case Number:** | 07EV002113J | **Document(s) Filed:** | 3 |
| Case Type: | General Civil | **Case Name:** | Jackson, Grady vs Atlanta Falcons Football Club | **Date Range:** | All |

1-2 of 2 transactions   <<Prev Page 1 of 1 Next>>

| Transaction ▼ Date/Time | Option | Case Number Case Name | Authorizer Organization | Document Type | Document Title | Size |
|---|---|---|---|---|---|---|
| 14273828 | 3/27/2007 3:02 PM EDT | File Only | 07EV002113J Jackson, Grady vs Atlanta Falcons Football Club | Kenan G. Loomis, COZEN O'CONNOR | Application | Eric J. Farber's Application for Pro Hac Vice Admission | 0.1MB |
| | | | | | Application | Ann McFarland Draper's Application for Pro Hac Vice Admission | 0.1MB |
| 14260515 | 3/26/2007 4:45 PM EDT | File Only | 07EV002113J Jackson, Grady vs Atlanta Falcons Football Club | Pro Se, | Amended Complaint | First Amended Complaint | 0.2MB |

1-2 of 2 transactions   <<Prev Page 1 of 1 Next>>

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GRADY JACKSON,                      )
                                    )      CIVIL ACTION
            Plaintiff,              )
                                    )      NO:
v.                                  )
                                    )
ATLANTA FALCONS                     )
FOOTBALL CLUB,                      )
                                    )
            Defendant.              )

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of **DEFENDANT ATLANTA FALCONS FOOTBALL CLUB'S NOTICE OF REMOVAL** by causing a copy of the same to be deposited in the United States Mail, postage prepaid and addressed to the following:

> Kenan G. Loomis
> COZEN O'CONNOR
> SunTrust Plaza, Suite 2200
> 303 Peachtree Street, N.E.
> Atlanta, Georgia 30308

and

> Eric Farber
> Ann McFarland Draper
> FARBER & COMPANY ATTORNEYS LLP
> 847 Sansome Street, Suite LL
> San Francisco, California 94111

This 26th day of April, 2007.

Amanda C. Kurtz
Georgia Bar No. 142177