FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

APR 2 6 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| GRADY JACKSON, | ) | CIVIL ACTION |
| | ) | |
| Plaintiff, | ) | NO: 1 07-CV 0939 |
| | ) | |
| v. | ) | |
| | ) | |
| ATLANTA FALCONS | ) | -GET |
| FOOTBALL CLUB, LLC | ) | |
| | ) | |
| Defendant. | ) | |

### ANSWER TO FIRST AMENDED COMPLAINT

Atlanta Falcons Football Club, LLC (the "Falcons"), Defendant in the above-styled action, makes and files this Answer to Plaintiff's First Amended Complaint as follows:

### FIRST DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statutes of limitations.

### SECOND DEFENSE

Plaintiff's claims are barred because they are preempted by § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 *et seq.*

## THIRD DEFENSE

Plaintiff's claims are barred because they are subject to mandatory

arbitration pursuant to the collective bargaining agreement between the NFL

Players Association and the NFL Management Council (the "CBA") and/or are

otherwise barred by the provisions of the CBA or the NFL Player Contract.

## FOURTH DEFENSE

To the extent Plaintiff asserts a claim for punitive damages, such damages

violate the Falcons' protection from, including without limitation, excessive fines,

cruel and unusual punishment, denial of due process, and denial of equal protection

of the law.

## FIFTH DEFENSE

Plaintiff's claims for punitive damages under state law, if any, are barred

because the Falcons' actions with respect to Plaintiff have in all respects been

lawful and do not support an award of punitive damages under state law.

## SIXTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, laches, acquiescence,

and estoppel.

## SEVENTH DEFENSE

The Complaint fails to state a claim for invasion of privacy under Georgia

2

law.

## EIGHTH DEFENSE

The Complaint fails to state a claim for defamation under Georgia law.

## NINTH DEFENSE

The statements of which Plaintiff complains constitute opinion or other expression that is fully protected and/or privileged under the First and Fourteenth Amendments to the United States Constitution and/or under Article I, Section I, Paragraph V of the Georgia Constitution.

## TENTH DEFENSE

The statements of which Plaintiff complains are privileged in that (a) Plaintiff is a public figure or limited purpose public figure, (b) the statements pertain to a matter of public concern and (c) the statements were published without actual malice.

## ELEVENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of privileged communications, applicable to both invasion of privacy and defamation claims, pursuant to Georgia statute, including without limitation O.C.G.A. § 51-5-7, and the common law.

3

## TWELFTH DEFENSE

Plaintiff cannot meet his burden of proving that the statements of which he complains were not already publicly known.

## THIRTEENTH DEFENSE

Plaintiff cannot meet his burden of proving that the statements of which he complains are not substantially true.

## FOURTEENTH DEFENSE

The statements of which Plaintiff complains are not defamatory as a matter of law because, even assuming they were false in whole or in part, they did not produce a different effect on the audience to whom they were published than would have been produced had the truth been published.

## FIFTEENTH DEFENSE

The statements of which Plaintiff complains are not defamatory as a matter of law because those statements caused no incremental harm to Plaintiff's reputation.

## SIXTEENTH DEFENSE

The statements of which Plaintiff complains fail to state a cause of action for invasion of privacy as a matter of law because those statements (a) would not be highly offensive to a reasonable person and (b) are of legitimate public concern.

4

## SEVENTEENTH DEFENSE

The statements of which Plaintiff complains are not actionable on the ground that they were invited by Plaintiff.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, by O.C.G.A. §§ 51-5-11 and 51-5-12 because Plaintiff failed, before initiating this lawsuit, to request retraction or correction of the statements of which he complains.

## NINETEENTH DEFENSE

Plaintiff's claims are barred, in whole or in part, because any injury or damages allegedly suffered by Plaintiff were caused by the actions of Plaintiff and/or of third parties over which the Falcons do not exercise control.

## TWENTIETH DEFENSE

Plaintiff's lawsuit is frivolous, unreasonable and without foundation, thereby entitling the Falcons to an award of attorneys' fees.

## TWENTY-FIRST DEFENSE

This Court lacks subject matter jurisdiction to the extent that the claims in the Complaint are subject to mandatory and binding arbitration under a collective bargaining agreement.

## TWENTY-SECOND DEFENSE

The Falcons deny each and every allegation in the Complaint which is not admitted, denied, or otherwise specifically addressed herein. The Falcons answers each of the numbered paragraphs of the First Amended Complaint as follows:

## THE PARTIES

1.    The Falcons deny the allegations contained in paragraph 1 of the First Amended Complaint, on information and belief.

2.    The Falcons admit that it is a Limited Liability Company duly registered and organized under the laws of the State of Georgia, and that it conducts business in Fulton County Georgia.    The Falcons deny that it has its offices, operations, and principal place of business in Fulton County, Georgia.    Except as admitted or otherwise expressly stated herein, the Falcons deny the allegations contained in paragraph 2 of the First Amended Complaint.

3.    The Falcons admit that Plaintiff is a professional football player, currently under contract with the Falcons, and that he as played football for the Oakland Raiders, New Orleans Saints, and Green Bay Packers over the course of his ten-year NFL career.    Except as admitted or otherwise expressly stated herein, the Falcons deny the allegations contained in paragraph 3 of the First Amended Complaint.

6

4.    The Falcons admit that Dr. Gillogly is a physician practicing in Atlanta Georgia for Atlanta Sports Medicine and has served as the Falcons' team doctor since on or before March 24, 2006.    Except as admitted or otherwise expressly stated herein, the Falcons deny the allegations contained in paragraph 4 of the First Amended Complaint.

5.    The Falcons admit that Ron Medlin is currently employed as Head Trainer for the Falcons and has been so employed since on or before March 24, 2006. Except as admitted or otherwise expressly stated herein, the Falcons deny the allegations contained in paragraph 5 of the First Amended Complaint.

6.    The Falcons admit that Les Snead is currently employed as Director of Pro Personnel for the Falcons and has been so employed since on or before March 24, 2006. Except as admitted or otherwise expressly stated herein, the Falcons deny the allegations contained in paragraph 6 of the First Amended Complaint.

7.    The Falcons admit that prior to the 2006 season, Plaintiff was an NFL free agent and was invited to meet with the Falcons regarding a football contract. The Falcons are without sufficient knowledge or information to admit or deny what Plaintiff was "looking to garner" in a contract, and therefore denies those allegations.  Except as admitted or otherwise expressly stated herein, the Falcons deny the allegations contained in paragraph 7 of the First Amended Complaint.

7

8.     The Falcons admit that on March 24, 2006, Plaintiff visited the Falcons' facilities and went through a physical examination conducted by team physicians Dr. Scott Gillogly and Dr. Charles Brown, to be used by the Falcons in determining whether to enter into discussions with Plaintiff regarding a contract to play football.   Except as admitted or otherwise expressly stated herein, the Falcons deny the allegations contained in paragraph 8 of the First Amended Complaint.

9.     The Falcons admit that on March 24, 2006, Plaintiff visited the Falcons' facilities and went through a physical examination conducted by Dr. Scott Gillogly at Atlanta Sports Medicine and by Dr. Charles Brown at Cardiology of Georgia, P.C., and that Dr. Brown conducted an Echocardiogram of Plaintiff's heart at Cardiology of Georgia, P.C. and that the results of the examination raised concern. The Falcons further admit that Plaintiff is approximately 6'2" and weighs in excess of 345 pounds. Except as admitted or otherwise expressly stated herein, the Falcons deny the allegations contained in paragraph 9 of the First Amended Complaint.

10.    The Falcons admit that (i) Dr. Gillogly reported the results of his and Dr. Brown's examinations of Plaintiff in writing to Ron Medlin, the Falcons' Head Trainer, including a summary of the results of Plaintiff's Echocardiogram, (ii) Dr. Brown recommended that Plaintiff undergo further workup by a cardiologist, and

8

(iii) Dr. Gillogly had follow-up conversations regarding the examinations with Medlin. Except as admitted or otherwise expressly stated herein, the Falcons deny the allegations contained in paragraph 10 of the First Amended Complaint.

11.    The Falcons admit that (i) the club informed Plaintiff on March 24, 2006 that it could not medically clear Plaintiff due to the results of the Echocardiogram and would require additional tests before discussing a contract with him; and (ii) admits that it did not state that Plaintiff had "failed" the team's physical examination. The Falcons are without sufficient knowledge or information as to what "impression" was held by Plaintiff or his agent Angelo Wright ("Wright"), and therefore deny those allegations. Except as admitted or otherwise expressly stated herein, the Falcons deny the allegations contained in paragraph 11 of the First Amended Complaint.

12.    The Falcons admit, on information and belief, that (i) on March 26, 2006 KFFL reported that Plaintiff had "failed" his physical with the Falcons, (ii) some time later the Sporting News made a similar report, and (iii) that other news services reported the story. Except as admitted or otherwise expressly stated herein, the Falcons deny the allegations contained in paragraph 12 of the First Amended Complaint.

9

13.    The Falcons admit that (i) the club did not inform anyone, including Plaintiff or Wright, that Plaintiff had "failed" his physical, and (ii) admits that following Plaintiff's visit to the Falcons on March 24, 2006, it was not interested in signing Plaintiff unless he had first undergone an additional workup by a cardiologist and was medically cleared to play football following such examination. The Falcons are without sufficient knowledge or information as to what "impression" was held by Plaintiff or his agent Angelo Wright, and therefore deny those allegations. Except as admitted or otherwise expressly stated herein, the Falcons deny the allegations contained in paragraph 13 of the First Amended Complaint.

14.    The Falcons deny the allegations contained in Paragraph 14 of the First Amended Complaint.

## COUNT I

## INVASION OF PRIVACY

15.    The Falcons incorporate their responses to Paragraphs 1 through 14 of the First Amended Complaint as if fully stated herein.

16.    The Falcons deny the allegations contained in paragraph 16 of the First Amended Complaint.

17.    The Falcons deny the allegations contained in paragraph 17 of the First Amended Complaint.

18.    The Falcons deny the allegations contained in paragraph 18 of the First Amended Complaint.

19.    The Falcons deny the allegations contained in paragraph 19 of the First Amended Complaint.

20.    The Falcons deny the allegations contained in paragraph 20 of the First Amended Complaint.

21.    The Falcons deny the allegations contained in paragraph 21 of the First Amended Complaint.

22.    The Falcons deny the allegations contained in paragraph 22 of the First Amended Complaint.

## COUNT II

## DEFAMATION

23.    The Falcons incorporate their responses to Paragraphs 1 through 22 of the First Amended Complaint as if fully stated herein.

24.    The Falcons deny the allegations contained in paragraph 24 of the First Amended Complaint.

25.    The Falcons deny the allegations contained in paragraph 25 of the First Amended Complaint.

26.    The Falcons deny the allegations contained in paragraph 26 of the First Amended Complaint.

27.    The Falcons deny the allegations contained in paragraph 27 of the First Amended Complaint.

28.    The Falcons deny the allegations contained in paragraph 28 of the First Amended Complaint.

29.    The Falcons deny the allegations contained in paragraph 29 of the First Amended Complaint.

30.    Responding to the unnumbered prayer for relief contained in Plaintiff's First Amended Complaint, the Falcons deny that they have engaged in any unlawful acts or are liable to Plaintiff whatsoever, and deny that Plaintiff is entitled to any of the relief he seeks.

## JURY DEMAND

31.    The Falcons demand a trial by jury of this action should the case go to trial.

This 26th day of April, 2007.

Michael W. Johnston

12

Georgia Bar No. 396720
Matthew A. Boyd
Georgia Bar No. 027645
Amanda C. Kunz
Georgia Bar No. 142177

KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, Georgia 30309-3521
(404) 572-4600 (telephone)
(404) 572-5138 (facsimile)
mjohnston@kslaw.com
mboyd@kslaw.com
akunz@kslaw.com

ATTORNEYS FOR ATLANTA FALCONS FOOTBALL CLUB, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GRADY JACKSON, | ) |
| | )     CIVIL ACTION |
| Plaintiff, | ) |
| | )     NO: |
| v. | ) |
| | ) |
| ATLANTA FALCONS | ) |
| FOOTBALL CLUB, LLC | ) |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the **ANSWER TO FIRST AMENDED COMPLAINT** by causing a copy of the same to be deposited in the United States Mail, postage prepaid and addressed to the following:

> Kenan G. Loomis
> COZEN O'CONNOR
> SunTrust Plaza, Suite 2200
> 303 Peachtree Street, N.E.
> Atlanta, Georgia 30308

and

> Eric Farber
> Ann McFarland Draper
> FARBER & COMPANY ATTORNEYS LLP
> 847 Sansome Street, Suite LL
> San Francisco, California 94111

This 26th day of April, 2007.

Amanda C. Kunz
Georgia Bar No. 142177