IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **GRADY JACKSON,** | ) | CIVIL ACTION |
| | ) | |
| **Plaintiff,** | ) | NO. 07-cv-0939-GET |
| | ) | |
| v. | ) | |
| | ) | |
| **ATLANTA FALCONS** | ) | |
| **FOOTBALL CLUB, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF GRADY JACKSON'S
OBJECTIONS TO EVIDENCE
IN OPPOSITION TO THE FALCONS'
MOTION TO DISMISS OR COMPEL ARBITRATION
[FRCP 12(b)(1)]**

Plaintiff GRADY JACKSON ("Jackson") hereby submits his objections to the evidence proffered by Defendant ATLANTA FALCONS FOOTBALL CLUB, LLC ("Falcons") on their motion to dismiss Plaintiff's claims or, in the alternative, to compel arbitration.

In presenting these objections, Jackson does not acquiesce in the jurisdiction of this Court, which Jackson disputes (as set forth in his Motion to Remand).

Jackson objects to, and moves to strike, the Affidavit of Nick Polk and the exhibits attached thereto on the following grounds.

1. <u>Lack of Personal Knowledge</u>. Jackson objects to paragraphs 5, 6, 14, 15, 19 and 20 of the Affidavit of Nick Polk on the ground that the affiant lacks personal knowledge and has not demonstrated or introduced evidence of personal knowledge and competence to testify as to the matters therein. Federal Rules of Evidence, Rule 602, requires that "[a] witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter."

Jackson moves to strike the following language from Paragraph 5 for lack of personal knowledge and failure to establish personal knowledge and competence to testify: "At the time Jackson became a free agent, he was 33 years of age (relatively old for an NFL defensive lineman), had chronic weight issues (he weighed more than 350 pounds, despite being only 6'2'') and had previously undergone significant surgeries on both knees and had problems with the rotator cuff of his right shoulder."

Jackson moves to strike the following language from Paragraph 6 for lack of personal knowledge and failure to establish personal knowledge and competence to testify: "The most highly sought after free agents are generally signed within 48 hours to a week after the opening of the free agency signing period."

Jackson moves to strike the following language from Paragraph 14 for lack of personal knowledge and failure to establish personal knowledge and competence to testify: "At no time did the Falcons state to anyone that Jackson had 'failed' his physical, nor were any external communications made in that regard."

Jackson moves to strike the following language from Paragraph 15 for lack of personal knowledge and failure to establish personal knowledge and competence to testify: "Jackson finally consented to undergo a cardiac CT scan, which he did on August 24, 2006."

Jackson moves to strike the following language from Paragraph 19 for lack of personal knowledge and failure to establish personal knowledge and competence to testify: "Wright claimed that Jackson was underpaid and began insisting that the Falcons renegotiate Jackson's contract. The Falcons refused to

renegotiate, having signed a fair contract that extended through the 2008 season."

Jackson moves to strike the following language from Paragraph 20 for lack of personal knowledge and failure to establish personal knowledge and competence to testify: "Wright claimed that in refusing to renegotiate Jackson's valid, multi-million dollar deal, that the Falcons were disrespecting Jackson as a "player and a man. He also alleged that the Falcons were responsible for George Henry's reports."

    2.    <u>Failure to Authenticate</u>.  Jackson objects to, and moves to strike, each and every one of Exhibits "A" through "H" inclusive attached to the Affidavit of Nick Polk, on the grounds that each of the exhibits, as well as each and every one of the documents and pages comprising and/or contained in the exhibits, is unauthenticated.  Federal Rules of Evidence, Rule 902," states that "Extrinsic evidence of authenticity as a condition precedent to admissibility is not required with respect [to certain exceptions].  None of Defendant's Exhibits and none of the documents and pages comprising and/or contained in the exhibits, fall into any of the exceptions under FRE 902.  Defendant has not made even the most minimal attempt to authenticate any of the documents comprising said Exhibits "A" thru "H." These documents are not self-authenticating and do

not fall into any of the exceptions of FRE 902. Thus, none of the Exhibits, and none of the individual documents comprising or contained in these exhibits is admissible, and each must therefore be stricken.

Jackson moves to strike Exhibit "A." This Exhibit purports to be medical records of Grady Jackson that were sent by the Green Bay Packers and New Orleans Saints to the Atlanta Falcons. These medical records have not been identified by the custodian of records for said medical facilities and thus have not been properly authenticated. These medical records do not fall under any of the exceptions to FRE 902. Defendant has not made even the most minimal attempt to authenticate this document. This document is not self-authenticating.

Jackson moves to strike Exhibit B. This Exhibit purports to be "official NFL records," as described in the Affidavit of Nick Polk. Defendant has not made even the most minimal attempt to authenticate this document or describe in what way they are "official." This document does not fall under any of the exceptions to FRE 902 and is not self-authenticating.

Jackson moves to strike Exhibit C. This Exhibit" purports to be a copy of a health history form and authorization form that Jackson allegedly signed regarding the release of his medical information. The document is illegible. Defendant has not made even the most minimal attempt to

authenticate this document. This document does not fall under any of the exceptions to FRE 902 and is not self-authenticating.

Jackson moves to strike Exhibit D.  This Exhibit purports to be a copy of the Echocardiogram Report prepared by Cardiology of Georgia. Defendant has not made even the most minimal attempt to authenticate this document. This document does not fall under any of the exceptions to FRE 902 and is not self-authenticating.

Jackson moves to strike Exhibit E.  This Exhibit purports to be a copy of a medical report prepared by Dr. Gillogly. Defendant has not made even the most minimal attempt to authenticate this document.  This document does not fall under any of the exceptions to FRE 902 and is not self-authenticating.

Jackson moves to strike Exhibit F.  This Exhibit purports to be a true and correct copy of Jackson's CT scan and additional cardiology work-up. Defendant has not made even the most minimal attempt to authenticate this document. This document does not fall under any of the exceptions to FRE 902 and is not self-authenticating.

Jackson moves to strike Exhibit G.  This Exhibit purports to be a copy of Jackson's NFL Player's contract with the Falcons.  Defendant has not

made even the most minimal attempt to authenticate this document. This document does not fall under any of the exceptions to FRE 902 and is not self-authenticating.

Jackson moves to strike Exhibit H. This Exhibit purports to be a copy of the collective bargaining agreement between the NFLPA and the National Football League Management Council. Defendant has not made even the most minimal attempt to authenticate this document. This document does not fall under any of the exceptions to FRE 902 and is not self-authenticating.

3. <u>Failure to Produce Best Evidence</u>. Jackson objects to, and moves to strike, each and every one of Exhibits "A" through "H" inclusive attached to the Affidavit of Nick Polk, on the grounds that each of the exhibits, exhibits, as well as each and every one of the documents and pages comprising and/or contained in the exhibits, is not the best evidence which exists of a writing sought to be proved, as required by Federal Rules of Evidence, Rule 1002, 1004 and 1006, and for which no exception has been established. See also Georgia Evidence Code § 24-5-4 (best evidence rule).

4. <u>Hearsay</u>. Jackson objects to, and moves to strike, each and every one of Exhibits "A" through "H" inclusive attached to the Affidavit of Nick Polk, to the extent that such Exhibit(s), and/or the document(s) and page(s) comprising and/or contained in the exhibit(s), is offered to prove the truth of the

matter stated therein.  To the extent offered for such purpose, these Exhibits, documents and/or pages are inadmissible hearsay (and double-hearsay) for which no exception to the hearsay rule has been established.  See Federal Rules of Evidence, Rules 802 and 805.

Jackson believes that the foregoing objections are dispositive of all evidence proffered by the removing party, and respectfully reserves, and does not waive, any and all other objections to the evidence.

This 21st day of May, 2007.

                          Respectfully submitted,

                          s/Kenan G. Loomis
                          Kenan G. Loomis, Esquire
                          Georgia Bar No. 457865
                          COZEN O'CONNOR
                          SunTrust Plaza, Suite 2200
                          303 Peachtree Street, N.E.
                          Atlanta, Georgia  30308
                          Telephone:  (404) 572-2000
                          Facsimile:  (404) 572-2199
                          Attorney for Plaintiff