# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **GRADY JACKSON,** ) | |
| ) | **CIVIL ACTION** |
| **Plaintiff,** ) | |
| ) | **NO: 07-cv-0939-GET** |
| **v.** ) | |
| ) | |
| **ATLANTA FALCONS** ) | |
| **FOOTBALL CLUB, LLC** ) | |
| ) | |
| **Defendant.** ) | |

## DEFENDANT'S RESPONSE TO
## PLAINTIFF'S OBJECTIONS TO EVIDENCE

Knowing full well that he has no substantive arguments allowing him to avoid his obligations to arbitrate under the CBA, Plaintiff has filed the instant motion seeking to exclude the Falcons' evidence demonstrating that he must do just that. Plaintiff's objections to Nick Polk's affidavit and the exhibits thereto, however, is both procedurally improper and substantively without merit. Accordingly, the objections should be overruled and the Falcons should be awarded their attorneys' fees and costs incurred in responding to Plaintiff's objections.

## I. LEGAL ARGUMENT AND CITATION OF AUTHORITIES

### A. There Is No Procedural Basis For Striking Portions Of Mr. Polk's Affidavit Or The Exhibits Attached Thereto

Although Plaintiff refers to his filing as "objections," he repeatedly requests that the Court "strike" portions of Mr. Polk's affidavit and the attachments thereto. [Doc. No. 13] (Pl. Br. at 2-8). Rule 12(f) of the Federal Rules of Civil Procedure specifically states that a motion to strike pertains only to allegations contained in *pleadings*. Fed. R. Civ. P. 12(f); see also Fed. R. Civ. P. 7(a) (defining pleadings). A motion to strike is not the proper vehicle for challenging the admissibility of testimony contained in *affidavits*, nor is it an acceptable method of challenging exhibits attached to affidavits. Morgan v. Sears, Roebuck & Co., 700 F. Supp. 1574, 1576 (N.D. Ga. 1988) (Forrester, J.); Pinkerton & Laws Co. v. Roadway Express, Inc., 650 F. Supp. 1138, 1141 (N.D. Ga. 1986) (Ward, J.); see also McNair v. Monsanto Co., 279 F. Supp. 2d 1290, 1298-99 (M.D. Ga. 2003). Because Plaintiff is not procedurally entitled to the relief he requests, his filing should be denied.

### B. Plaintiff's Objections Are Substantively Without Merit

Plaintiff's objections also fail substantively. As an initial matter, Plaintiff cites no case law for the proposition that evidence submitted in support of a motion to compel arbitration must be reducible to admissible form at trial. In fact, courts

have held that the requirements for evidence submitted in support of a motion for summary judgment do not apply to other motions filed in court.  See e.g. McNair, 279 F. Supp. 2d at 1299 (affidavits and exhibits submitted in support of motion to transfer did not have to be based on personal knowledge and could contain hearsay); Tingley Sys., Inc. v. Bay State HMO Mgmt., Inc., 833 F. Supp. 882, 884 (M.D. Fla. 1993) (declining to apply personal knowledge requirement to all affidavits filed in court).  Similarly, case law confirms that exhibits filed in support of a motion to compel arbitration do not have to be authenticated.  See Umbenhower v. Copart, Inc., No. 03-2476-JWL, 2004 WL 2660649, at *6 (D. Kan. Nov. 19, 2004).

Even assuming that these requirements apply, Plaintiff's challenges to Mr. Polk's affidavit and the exhibits attached thereto are without merit.  For the reasons stated below, Plaintiff's objections should be overruled.

### 1. Mr. Polk's Affidavit Was Based On Personal Knowledge

In paragraph one of his affidavit, Mr. Polk avers that the statements contained therein are based on his personal knowledge.  This statement, in and of itself, is sufficient to satisfy the personal knowledge requirement in the absence of evidence to the contrary.  Martin v. Rumsfeld, 137 F. App'x 324, 326, No. 04-16063, 2005 WL 1526465, at *2 (11th Cir. June 29, 2005) (stating that, when an

affiant avers that his or her testimony is based on personal knowledge, the court "[is] bound to accept [such] statements as true, unless the context demonstrate[s] otherwise."); Davis v. Valley Hospitality Servs., LLC, 372 F. Supp. 2d 641, 653 (M.D. Ga. 2005) (a statement that the affidavit is based on personal knowledge is sufficient to satisfy the personal knowledge requirement), reversed on other grounds, 211 F. App'x 841, No. 05-13670, 2006 WL 3450161 (11th Cir. Nov. 30, 2006).

Moreover, Mr. Polk is the Director of Football Operations for the Falcons. As a result, Mr. Polk has personal knowledge of events he has personally participated in, as well as occurrences he has learned about through his position and his review of business records setting forth the events at issue. Williams v. Asplundh Tree Expert Co., No. 3:05-CV-479-J-33MCR, 2006 WL 1793551, at *3 (M.D. Fla. June 28, 2006) (quoting Davis, 372 F. Supp. 2d at 653) ("'[C]ommon sense dictates that if an affiant is an employee of a company, [ ]he has personal knowledge of events and circumstances that occurred at the company within [his] sphere of observation.'"); see also Fed. Savs. & Loan Ins. Corp. v. Griffin, 935 F.2d 691, 702 (5th Cir. 1991); Londrigan v. FBI, 670 F.2d 1164, 1174-75 (D.C. Cir. 1981).

For these reasons, Plaintiff's objections to Mr. Polk's affidavit on the grounds that it is not based on personal knowledge should be overruled.

2.  **Plaintiff's Argument That The Exhibits Should Be Stricken Because They Were Not Properly Authenticated Is Without Merit**

Exhibits in support of a motion to compel arbitration do not have to be authenticated. Umbenhower, 2004 WL 2660649, at *6. Indeed, it is not necessary to authenticate exhibits submitted in support of other motions so long as they can be authenticated at trial. See e.g. Cooper v. S. Co. Servs., 213 F.R.D. 683, 686 (N.D. Ga. 2003) (Evans, J.) (denying motion to strike exhibits submitted in support of motion for summary judgment as unauthenticated because "there is no requirement that evidence be presented in admissible form at summary judgment as long as the evidence would be admissible at trial") (citing McMillian v. Johnson, 88 F.3d 1573, 1584 (11th Cir. 1996)). Here, Mr. Polk -- a witness through whom the Falcons can authenticate the exhibits at trial -- has submitted an affidavit attesting that the exhibits are true and correct copies of the documents they purport to be.[1] Moreover, Plaintiff has not made (and, in fact, cannot make) any credible claim regarding the authenticity of the exhibits. See Johnson v. U.S.

---

[1] Based on the case law, Mr. Polk's affidavit is sufficient to permit the Court to consider the exhibits attached thereto. Should the Court require more, the Falcons will be happy to submit additional testimony from Mr. Polk regarding the authenticity of the exhibits.

Mortgage Co., 951 F. Supp. 216, 217 n. 2 (M.D. Ala. 1996) (considering evidence where the challenge was to the manner of submission, rather than the actual authenticity, of the document).  Under these circumstances, Plaintiff's objections to the authenticity of the exhibits should be overruled.

### 3. Plaintiff's Argument That The Falcons Failed To Produce The Best Evidence Similarly Fails

Even assuming the best evidence rule applies, the exhibits are admissible as duplicates.  Under Rule 1003 of the Federal Rules of Evidence, "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Fed. R. Evid. 1003.  "The burden of challenging admissibility of a photocopy rests with the party against whom it is offered," and a mere challenge to the entry of a duplicate without explaining the basis for it is insufficient.  United States v. Garmany, 762 F.2d 929, 938 (11th Cir. 1985); see also Buczek v. Trans Union, LLC, No. 05-80834-CIV-Hurley/Hopkins, 2006 WL 3666645, at *2 (S.D. Fla. Nov. 9, 2006).  As stated above, Plaintiff has not, and cannot, make any credible claim regarding the genuineness of the exhibits.  Therefore, Plaintiff's challenges to the exhibits under the best evidence rule must be denied.

### 4. The Exhibits Do Not Constitute Inadmissible Hearsay

Finally, the Court should reject Plaintiff's argument that the exhibits constitute inadmissible hearsay. Again, Plaintiff has provided no case law stating that hearsay cannot be considered on a motion to compel arbitration. However, even if it cannot, the exhibits to Mr. Polk's affidavit are either not hearsay or subject to a hearsay exception. Accordingly, Plaintiff's argument fails.

Exhibits C, G, and H are legally operative documents are thus not hearsay. Moody v. Coliseum Psychiatric Ctr., LLC, No. 5:04-CV-364 (DF), 2006 WL 1652281, at *5-6 (M.D. Ga. June 12, 2006). The remaining exhibits are records of regularly conducted activity and would therefore be reducible to admissible form at trial. See Fed. R. Evid. 803(6). Consequently, the exhibits should not be excluded on hearsay grounds.

## II. CONCLUSION

As demonstrated above, Plaintiff's objections to Mr. Polk's affidavit and the exhibits attached thereto are procedurally improper and substantively without merit. As a result, Plaintiff's objections should be overruled in their entirety, and the Falcons should be awarded their attorneys' fees and costs incurred in responding to Plaintiff's objections.

This 8th day of June, 2007.

                              Respectfully submitted,

                              <u>Michael W. Johnston</u>
                              Michael W. Johnston
                              Georgia Bar No. 396720
                              Matthew A. Boyd
                              Georgia Bar No. 027645
                              Amanda C. Kunz
                              Georgia Bar No. 142177

KING & SPALDING LLP
1180 Peachtree Street NE
Atlanta, Georgia 30309-3521
(404) 572-4600 (telephone)
(404) 572-5138 (facsimile)
mjohnston@kslaw.com
mboyd@kslaw.com
akunz@kslaw.com

**ATTORNEYS FOR THE ATLANTA FALCONS FOOTBALL CLUB, LLC**

## **CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 5.1B**

    I, Amanda C. Kunz, hereby certify that **DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE** has been prepared with one of the font and point selections approved by the Court in Local Rule 5.1B.

                                             s/ Amanda C. Kunz
                                             Amanda C. Kunz

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **GRADY JACKSON,** | ) | |
| | ) | **CIVIL ACTION** |
| **Plaintiff,** | ) | |
| | ) | **NO: 07-CV-0939-GET** |
| v. | ) | |
| | ) | |
| **ATLANTA FALCONS** | ) | |
| **FOOTBALL CLUB,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of June, 2007, I electronically filed **DEFENDANT'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO EVIDENCE** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

> Kenan G. Loomis
> COZEN O'CONNOR
> SunTrust Plaza, Suite 2200, 303 Peachtree Street, N.E
> Atlanta, Georgia 30308

I also here certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:

> Eric Farber and Ann McFarland Draper
> FARBER & COMPANY ATTORNEYS LLP
> 847 Sansome Street, Suite LL
> San Francisco, California 94111

                                                  s/ Amanda C. Kunz
                                                  Amanda C. Kunz